**Carmen CAMPBELL, Plaintiff-Appellant,**

v.

**SECRETARY OF the DEPARTMENT OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.**

**No. 154, Docket 81–6108.**

United States Court of Appeals, Second Circuit.

Argued Sept. 28, 1981.

Decided Nov. 30, 1981.

Ruben Nazario, John C. Gray, Jr., Brooklyn Legal Services Corp. B, Brooklyn, N.Y., for plaintiff-appellant.

Ben Wiles, Asst. U. S. Atty., Brooklyn, N.Y. (Edward R. Korman, U. S. Atty., for the Eastern District of New York, Brooklyn, N.Y., Jane Simkin Smith, Asst. U. S. Atty., New York City, of counsel), for defendant-appellee.

Before LUMBARD and VAN GRAAFEILAND, Circuit Judges, and BONSAL,* District Judge.

BONSAL, District Judge:

Carmen Campbell appeals from a final judgment of the United States District Court for the Eastern District of New York (Costantino, J.), entered on April 30, 1981. The District Court granted the motion of the Secretary of the Department of Health and Human Services ("Secretary") for judgment on the pleadings and affirmed the Secretary's denial of insurance benefits to Ms. Campbell. We find that the record on which the Secretary's decision rests is inadequate in certain critical respects and accordingly we remand for further proceedings.

## BACKGROUND

On October 15, 1979 Carmen Campbell filed an application for disability insurance benefits with the Social Security Adminis-

---

* Of the United States District Court for the Southern District of New York, sitting by designation.

tration claiming total disability due to a back condition caused by a herniated disc and due to hypertension. On December 10, 1979 her application was denied. Ms. Campbell requested reconsideration which was again denied by notice dated March 21, 1980. On May 20, 1980 Ms. Campbell requested a *de novo* review of her application and on August 22, 1980 a hearing was held before an Administrative Law Judge ("ALJ") at which Ms. Campbell appeared *pro se.* In a decision dated September 26, 1980 the ALJ found that Ms. Campbell retained the capacity to do "light work" and that she was therefore "not disabled" within the meaning of the Social Security Act.

On October 31, 1980 Ms. Campbell sought review of the ALJ's decision by the Appeals Council. She submitted new medical evidence—a report by her treating physician, Dr. Lowenthal, which she asserted warranted a finding of disability by the Appeals Council. The Appeals Council made the report part of the record and denied her request for review.

On January 19, 1981 Ms. Campbell filed a *pro se* complaint seeking review of denial of benefits in the United States District Court for the Eastern District of New York (42 U.S.C. § 405(g)).

A hearing before the District Court was held on April 20, 1981 at which Ms. Campbell was represented by counsel. The district judge stated at the hearing that he had reviewed the record and suggested that in his opinion the Secretary's decision was supported by substantial evidence. The Secretary then moved for summary judgment and by Order dated April 23, 1981 Ms. Campbell's complaint was dismissed, from which Order she appeals.

## FACTS

Ms. Campbell, aged 51 at the time she filed her application, was born in Panama where she completed a sixth grade education. Spanish is her first language but she has a "fair" knowledge of English. Ms. Campbell was employed as a hotel maid.

Her duties included making beds, dusting, vacuuming and pushing "trucks" which carried her equipment. Between 1971 and 1973 she also worked as a seamstress in the hotel, and in 1973 she injured her back while moving a large laundry truck. In 1975 her doctor informed her that she had a slipped disc. However, she continued working until December of 1978. In January of 1979 Ms. Campbell underwent a laminectomy to remove a herniated disc. She was discharged within two weeks.

The ALJ considered the medical and hospital records and the reports of Drs. Khatib and Lowenthal. Dr. Khatib diagnosed Ms. Campbell's herniated disc, performed the operation and saw her during several follow-up visits. In May of 1979 Dr. Khatib reported that she could return to work in June so long as she did not lift heavy objects or do "strenuous work." (App. at 98).[1] In July Dr. Khatib reported that she could return to "light duty work" and in November of 1980 reported that she "is disabled from doing her regular work and should avoid lifting heavy objects and strenuous work." (App. at 99, 127).

Ms. Campbell saw Dr. Lowenthal at the request of the State of New York Workers' Compensation Board from February of 1980 through the spring and summer. In August of 1980 Dr. Lowenthal filled out a questionnaire stating that she could continuously stand for 30 minutes, sit for 30 minutes, and alternately stand or sit at one time for one hour; that due to severe pain she must lie down during the day and that she could lift or carry weights of "up to ten pounds." (App. at 113–115).

The ALJ considered Ms. Campbell's age, education, past work experience and the medical evidence. He found that Ms. Campbell was no longer able to work as a hotel maid but that she could do "light work." He concluded that since she could do "light work," Ms. Campbell was not under a "disability" as defined by the Act. (42 U.S.C. § 423(d)(1)).

---

1. This abbreviation refers to "Appellant's Appendix, Administrative Proceedings Below" which was submitted to this court as part of the record on appeal.

## DISCUSSION

Section 423(d)(1)(A) provides that the term "disability" means:

"inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months; . . . ." 42 U.S.C. § 423(d)(1)(A) (1974).

For the purposes of Section 423(d)(1)(A), the individual must be

". . . not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether he would be hired if he applied for work . . . ." 42 U.S.C. § 423(d)(2)(A) (1974).

The initial burden of proving that a disability exists rests upon the claimant. 42 U.S.C. § 423(d)(5) (1977); *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980). In this case there is no dispute that this burden was met because the ALJ made a specific finding that Ms. Campbell's condition prevented her return to her past work.

Thereupon,

". . . the burden shifts to the Secretary, who must produce evidence to show the existence of alternative substantial gainful work which exists in the national economy and which the claimant could perform, considering not only his physical capability, but as well his age, his education, his experience and his training." *Parker v. Harris*, 626 F.2d at 321 (citations omitted).

Here the Secretary must show:

"First, . . . that the claimant's impairment is of a kind that still permits certain types of activity, such as lifting or walking, necessary for other occupations, and that the claimant's experience involves skills transferable to other work. Second, the Secretary must present evidence showing the existence of specific types of jobs, available in the national economy, suitable for a claimant with these capabilities and skills. *See, e. g., Bastien v. Califano*, 572 F.2d 908, 912–13 (2d Cir. 1978)." *Decker v. Harris*, 647 F.2d 291, 294 (2d Cir. 1981).

In order to promote a more efficient analysis of relevant factors and to promote consistency in decisions by the Secretary in the adjudication of disability claims, the Social Security Administration adopted new regulations which became effective on February 26, 1979. 20 C.F.R. §§ 404.1501–1598.

Under the new regulations, once it is determined that the claimant cannot perform her past work, the Secretary must show what the claimant's "residual functional capacity" is. Here the ALJ found that Ms. Campbell was capable of performing "light work." "Light work" is defined by the regulations as follows:

"(b) *Light work.* Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.* § 404.1567.

■ The record as a whole supports the ALJ's finding that Ms. Campbell had the "residual functional capacity" to perform "light work."

■ Having determined that Ms. Campbell had the capacity to perform "light work," the regulations require the Secretary to show the availability of jobs in the national economy "suitable for a claimant with these capabilities and skills." *Decker v. Harris*, 647 F.2d at 294. To assist the Secretary in making this showing, the "medical-vocational guidelines" were adopted. *See* 20 C.F.R. Subpart P, Appendix 2.

In Ms. Campbell's case, the ALJ relied on rule 202.10 of the guidelines which provides that a person who is "closely approaching advanced age," with a limited education, and whose prior work experience is unskilled is "not disabled."[2] The Secretary

2.

TABLE NO. 2—RESIDUAL FUNCTIONAL CAPACITY: MAXIMUM SUSTAINED WORK CAPABILITY LIMITED TO LIGHT WORK AS A RESULT OF SEVERE MEDICALLY DETERMINABLE IMPAIRMENT(S)

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 202.01 .. | Advanced age | Limited or less ....... | Unskilled or none .... | Disabled. |
| 202.02 .. | ....ditto.... | ...ditto ............. | Skilled or semiskilled—skills not transferable. | Ditto. |
| 202.03 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled—skills transferable[1]. | Not disabled. |
| 202.04 .. | ....ditto.... | High school graduate or more—does not provide for direct entry into skilled work[2]. | Unskilled or none .... | Disabled. |
| 202.05 .. | Advanced age | High school graduate or more—provides for direct entry into skilled work[2]. | Unskilled or none .... | Not disabled. |
| 202.06 .. | ....ditto.... | High school graduate or more—does not provide for direct entry into skilled work[2]. | Skilled or semiskilled—skills not transferable. | Disabled. |
| 202.07 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled—skills transferable[2]. | Not disabled. |
| 202.08 .. | ....ditto.... | High school graduate or more—provides for direct entry into skilled work[2]. | Skilled or semiskilled—skills not transferable. | Ditto. |
| 202.09 .. | Closely approaching advanced age. | Illiterate or unable to communicate in English. | Unskilled or none .... | Disabled. |
| 202.10 .. | ....ditto.... | Limited or less—At least literate and able to communicate in English. | ...ditto ............ | Not disabled. |
| 202.11 .. | ....ditto.... | Limited or less ....... | Skilled or semiskilled—skills not transferable. | Ditto. |
| 202.12 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled—skills transferable. | Ditto. |
| 202.13 .. | ....ditto.... | High school graduate or more | Unskilled or none .... | Ditto. |
| 202.14 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled—skills not transferable. | Ditto. |
| 202.15 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled—skills transferable. | Ditto. |
| 202.16 .. | Younger individual .... | Illiterate or unable to communicate in English. | Unskilled or none .... | Ditto. |
| 202.17 .. | ....ditto.... | Limited or less—At least literate and able to communicate in English. | ...ditto ............ | Ditto. |

[1] See 202.00(f).
[2] See 202.00(c).

contends that the ALJ is not required to identify specific jobs because their existence has already been administratively noticed through the adoption of the guidelines.[3]

Before and after the adoption of the guidelines this circuit has consistently required that "the Secretary identify specific alternative occupations available in the national economy that would be suitable for the claimant" and that "these jobs be supported by 'a job description clarifying the nature of the job, [and] demonstrating that the job does not require' exertion or skills not possessed by the claimant. *Bastien v. Califano,* supra, 572 F.2d at 912–13." *Decker v. Harris,* 647 F.2d at 298. *See also Parker v. Harris,* 626 F.2d at 233–34. In the past, this has been done largely through the use of vocational testimony to establish that there are specific jobs suitable to the claimant's capabilities.

The central issue in this case is whether the guidelines provide adequate evidence of a claimant's ability to perform a specific alternative occupation. This circuit recently examined the conflict between the guidelines and prior case law in *Decker v. Harris, supra.* While the court did not have to resolve the conflict in that case because the issue was not "squarely presented" on the facts, the court did reaffirm the need for a specific showing of suitable alternative jobs. The court said:

"We believe that the essential concern . . . is that if the Secretary chooses to proceed without expert testimony by taking administrative notice, the Secretary must provide a similar degree of specificity to achieve the underlying objectives of procedural fairness to the claimant and preservation of an adequate record for review. The key consideration in the administrative proceeding must be that the claimant be given adequate opportunity to challenge the suitability or availability of the jobs noticed." *Id.* at 298.

Now that the issue is "squarely presented," our major concern is that the claimant be given adequate notice of the nature and demands of the types of jobs allegedly available. Absent sufficient notice, the claimant is deprived of any real chance to present evidence showing that she cannot in fact perform the types of jobs that are administratively noticed by the guidelines. This is particularly true in Ms. Campbell's case where the ALJ gave no

| Rule | Age | Education | Previous work experience | Decision |
|---|---|---|---|---|
| 202.18 .. | ....ditto.... | Limited or less ....... | Skilled or semiskilled— skills not transferable. | Ditto. |
| 202.19 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled— skills transferable. | Ditto. |
| 202.20 .. | ....ditto.... | High school graduate or more | Unskilled or none .... | Ditto. |
| 202.21 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled— not transferable. | Ditto. |
| 202.22 .. | ....ditto.... | ...ditto ............ | Skilled or semiskilled— skills transferable. | Ditto. |

**3.** As the introduction to the guidelines explains:

"(b) the existence of jobs in the national economy is reflected in the 'Decision' shown in the rules; i. e., in promulgating the rules, administrative notice has been taken of the numbers of unskilled jobs that exist throughout the national economy at the various functional levels (sedentary, light, medium, heavy and very heavy) as supported by the 'Dictionary of Occupational Titles' and the 'Occupational Outlook Handbook', published by the Department of Labor; the 'County Business Patterns' and 'Census Surveys' published by the Bureau of Census; and occupational surveys of light and sedentary jobs prepared for the Social Security Administration by various State employment agencies." 20 C.F.R., Subpart P, Appendix 2, § 200.00(b).

**54**

indication of any specific "light work" jobs that she was capable of performing but relied on the guidelines which take notice of approximately 1,600 types of "light work" jobs available in the national economy. 20 C.F.R. Subpart P, Appendix 2, § 202.00. If there are so many types of jobs available, it would not be too great a burden for the Secretary or the ALJ to specify a few suitable alternative available types of jobs so that a claimant is given an opportunity to show that she is incapable of performing those jobs. Moreover, we stress that the jobs should be specified at the hearing so that the claimant has a chance to put evidence into the record on that issue. In Ms. Campbell's case she was not informed of the Secretary's position and the ALJ's findings until she received his decision, when it was too late for her to rebut any finding of available "light work" jobs. In failing to show suitable available alternative jobs for Ms. Campbell, the Secretary's finding of "not disabled" is not supported by substantial evidence.

Accordingly, we remand this case to the Secretary for further proceedings consistent with this opinion, including a listing of particular types of jobs suitable to the capabilities of Ms. Campbell.